CROCKETT & AL. *vs.* ROSS & UX.

A *feme sole,* being summoned as trustee in a foreign attachment, took husband *pendente lite,* and afterwards disclosed, and was adjudged trustee. On *scire facias* brought against the husband and wife, to have execution *de bonis propriis,* they pleaded that at the time when, &c. she had no goods, effects or credits of the principal in her hands ; and on general demurrer the plea was held bad.

THE question in this case arose upon the sufficiency of the defendants' plea ; and is clearly stated in the opinion of the Court, which was delivered by

WESTON J. By the act concerning foreign attachment, *Stat.* 1821. *ch.* 61. *sec.* 9. it is provided that where any trustee has come

into court, upon the original process, and been examined upon oath; and upon such examination, it has appeared to the court, that such trustee had goods, effects or credits of the principal in his hands, at the time of serving the original writ, such trustee shall not be again examined upon the *scire facias*, but judgment shall be rendered upon his examination had as aforesaid.

The wife of *James Ross* was summoned, *dum sola*, but disclosed in the original suit, after her marriage, without the aid and assistance of her husband ; so far as appears from the record. They now, upon the *scire facias*, plead in bar that the wife had not, at the time of the service of the trustee process upon her, any goods, effects or credits of the principal in her hands and possession. To this plea there is a general demurrer and joinder. The counsel for the defendants insists that the declaration is bad, and if so, whatever may be the legal objection to the plea, the action cannot be maintained. The exception taken to the declaration is, that as the rights and interest of the husband were to be affected by the judgment against the wife, it should not have been rendered without citing him in to aid and assist her ; and that these proceedings, not being according to the course of the common law, the judgment is not to be considered as binding until reversed, but as void and inoperative, and liable to be impeached collaterally.

By law the husband succeeds to the rights and liabilities of the wife. He takes her and her circumstances together. Her personal chattels, and her *choses* in action, which he chooses to reduce to possession, become his absolutely, as do the rents and profits of her real estate, during the coverture ; and if there be issue of the marriage, capable of inheriting the estate, during his life, if he survive her. This sufficiently shows that the common law regards with favor the interests of the husband. But on the other hand, he assumes, by the coverture, the obligation of paying her debts, and of being answerable during the coverture for her liabilities. At the time of the marriage, she having been summoned as trustee, was liable to have judgment rendered against her as such. She entered into the connexion by her own voluntary act ; and could not thereby abate the process of the attaching creditor against her, or subject him to the delay or ex-

perse of calling a new party before the court; even by a plea in abatement.

If a *feme sole* plaintiff, pending her suit, marry, the defendant may by a plea, filed at the earliest opportunity, abate it. But if a *feme sole* defendant marry, she cannot, nor can her husband, in consequence of that act, claim to have the suit abated. It must progress; and the rights of the husband are implicated by the judgment. It may be presumed in such case, as it may be also in this, that the wife, who retains all her prudence and intelligence, although many of her civil rights are merged in, and yield to, the paramount rights of her husband, will avail herself of his advice and direction in the management of her defence, and that he will be stimulated by a regard to his own interest, to interpose in her behalf; and to protect her, if by law she may be protected, from a loss, which he himself must sustain. But be this as it may, the law has its course; and he is bound to abide the consequences. We see nothing to distinguish this case from any other in which a *feme sole* defendant may become covert before judgment. If there be any difference, this is a case in which her continued personal agency is more especially necessary. It is an appeal to her conscience, which she alone can answer. She must disclose facts within her knowledge, which can be verified by the oath of no other person than herself. From this view of the case, we are unable to perceive any error in the judgment. But if the judgment were erroneous, it will bind both husband and wife until reversed. The action, upon which it was founded, was commenced by writ, and is enforced by execution; according to the course of the common law. And if the collateral judgment against the trustee is preceded by a trial of a peculiar character; yet it is incident and accessory to the judgment against the principal; is liable to be reversed by the same process, and has equal validity, until reversed.

*Plea in bar adjudged bad.*

*Chandler* and *Parks* for the plaintiffs.

*Allen* for the defendants.